# Murnaghan's Estate (No. 1).

*Executors and administrators—Liability for loss of a retail liquor business—Findings of fact—Review on appeal—Orphans' court— Surcharge of executor—Advice of counsel.*

1. In a proceeding in the orphans' court to surcharge an executor for loss by reason of depreciation in the value of a retail liquor business, which the executor failed to sell, a decree in favor of the executor will not be set aside on appeal, where the court below found upon sufficient evidence that the executor acted in good faith and under advice of counsel in endeavoring to realize the highest possible price for the business, and that before he could effect a sale, federal legislation ensued, which rendered the business worthless.

2. The findings of an auditor confirmed by the court below will not be reversed in absence of clear error.

Argued March 27, 1919. Appeal, No. 313, Jan. T., 1919, by Philadelphia Brewing Company, from decree of O. C. Philadelphia Co., July T., 1918, No. 387, dismissing exceptions to adjudication in Estate of Peter Murnaghan, deceased. Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Exceptions to adjudication.

The court dismissed the exceptions. Philadelphia Brewing Co., a creditor, appealed.

*Errors assigned* were in dismissing exceptions to the adjudication.

*W. W. Montgomery, Jr.,* of *Roberts, Montgomery &
McKeehan,* with him *Robert T. McCracken,* for appellant.

*James J. Breen,* with him *James B. McGhane,* for appellee.

OPINION BY MR. JUSTICE FRAZER, April 28, 1919:

Appellant, a creditor of the estate of Peter Murnaghan, deceased, appeals from the decree of the court below refusing to surcharge the executor for loss to the estate by reason of depreciation in the value of a retail liquor business the executor failed to sell.

Decedent, by his will, gave his property to his executor, in trust, to apply the income or profits from the "sale or continuance of the retail liquor license business" conducted by testator during his lifetime and which comprised the principal asset of his estate. The executor secured the transfer of the license to himself and continued the business with a view to preserve it for the creditors and dispose of it at the earliest opportunity. Efforts were made to sell the property at private sale but without success. Appellant owned the premises on which the business was conducted and the lease was originally for a ten-year term, with privilege of renewal from year to year; this short term, the original ten-year term having expired, imposed upon any one purchasing the business the necessity of securing the consent of the landlord to a transfer of the lease. Appellant's custom in such case seems to be for it to finance the transaction in the event the purchaser of the business is possessed of insufficient means of his own, and also to require the purchaser to assume part or all of the indebtedness of the seller to appellant.

Decedent owed debts aggregating some $17,000, of which $11,300 was due appellant, and $4,238.97 to the McGlinn Distilling Company, both these companies being represented by Wm. J. McGlinn, president of the former.

Various tentative offers were received by appellee and referred to appellant as landlord; negotiations, however, were in no instance completed, usually owing to inability to conclude satisfactory arrangements with the landlord, either on account of the term of the lease or insufficiency of the cash capital of the prospective purchaser. The executor also placed the business in the hands of a broker who endeavored to secure a purchaser, but without success.

Appellant had notice of these various efforts to dispose of the property as prospective purchasers were referred to its officers. Finally, acting on advice of counsel, the business was offered for sale at public auction, a minimum price of $17,500 having been fixed, this sum being necessary to pay creditors. At the sale an attorney, acting for one who was approved by appellant and the distilling company, bid the sum of $15,000. In accordance with previous arrangements this bid was refused and, subsequently, by reason of federal legislation regarding the manufacture and sale of liquor, the business became practically worthless. The person whose bid was refused had but $3,000 cash to invest, that amount being acceptable to the landlord. This latter fact was not communicated to the executor, who was without knowledge that the bidder was acting with the landlord's approval, nor was there an attempt by appellant subsequently to carry out the proposed transfer by private negotiations, although counsel for the executor attempted to do so.

The issue raised by the foregoing evidence was one of fact, and, in accordance with the established rule, the findings of the auditor, especially when confirmed by the court below, will not be reversed in absence of clear error, although this court might have reached a different conclusion on the facts: Kvist's Est., 256 Pa. 30, 35, and cases cited. We find no evidence to support the contention that the executor failed to exercise good faith in his attempt to dispose of the property. On the contrary it

appears he made every effort to obtain a reasonable price and a tenant satisfactory to the landlord, whose consent to the transfer of the lease was necessary. Offers for the property of a larger sum than that bid at auction had been received and refused owing to objections by the landlord. Under the circumstances it cannot be said the executor acted negligently. No reason appears which excuses the landlord for failure to notify the executor, even subsequent to the sale, that the bidder was acceptable, and requesting that he be permitted to carry out and complete the transfer at the price offered. On the whole, the findings of the auditing judge that the executor acted in good faith and under the advice of counsel in endeavoring to realize the highest possible price for the business are amply supported by the evidence, and the executor cannot be held responsible for the happening of subsequent events in the shape of federal legislation which rendered the business worthless.

The decree of the court below is affirmed.